## David Ryder *v.* Joseph T. Sisson and another.

A trustee under a will, authorized to invest the trust property in *real estate, stocks*
and *securities,* is not warranted in investing the same, with the consent of the
*cestui que trust* who has a life interest only in the trust estate, in cotton ma-
chinery, for the purpose of enabling the *cestui* to do business as a cotton manu-
facturer.

If machinery so purchased is, by the trustee and *cestui,* mortgaged to indemnify
an endorser for, and creditor of, the *cestui,* the breach of trust committed in the
acquiring of the property cannot be set up, by the mortgagors, in replevin, to
defend against the right to possess it vested by the mortgage in the mortgagee.

To the extent of a *cestui que trust's* interest in trust property, the application of it
by him to the security and payment of his debts is precisely the application
which a court of equity most approves, and most willingly aids to enforce.

Replevin for certain cotton machinery, which was used by
Amasa W. Whipple, in the Robin Hollow Mill, so called, in
Cumberland.    The case was submitted to the court by agree-
ment,—a jury trial having been waived,—and proved to be a
contest for the machinery replevied, between the plaintiff, who
claimed under several mortgages of the same executed to him by
the said Amasa W. Whipple, and Joseph T. Sisson, and the

latter, who claimed to hold the same as trustee for said Amasa, of the machinery and of other property, under the will of Abigail Whipple, the mother of said Amasa. At the trial, it appeared, that Abigail Whipple, by her will, placed a considerable real and personal estate in trust, for her son; one Nathaniel C. Dana succeeding in the trust the original trustee, John B. Read, and the defendant, Joseph T. Sisson, succeeding in the trust the said Nathaniel C. Dana. The following extract from the will of said Abigail was agreed to embrace all of her will which bore upon the nature of the trust, and the powers and duties of the trustee:

"I give, devise and bequeath to John B. Read, of Pawtucket, his heirs, executors, administrators and assigns, the farm on which I now live, with all the privileges and appurtenances thereof; it being the same estate devised by my father, Elisha Waterman, to the said Richard Carrique, junior, in trust for me—by the name of the Homestead Farm; and also one undivided half part of all my other estate, real and personal, of which I have the disposition and power of appointment, and which is not specifically herein devised and bequeathed: to have and to hold the same, with all the rights, privileges and appurtenances thereto belonging, to him, the said John B. Read, his heirs, executors, administrators and assigns, for, and during the natural life of my son, Amasa W. Whipple, upon trust; that he, the said John B. Read, shall collect the rents, issues, profits, interest, dividends and annual produce of all said trust-property and estate, and after paying out the same, the necessary expenses of managing and improving the same and of keeping the same in repair, and the taxes and insurance upon the same, he shall pay over to my said son, Amasa W. Whipple, at least once in every year, the nett annual produce of all said real and personal estate; provided, however, that the said trustee may permit the said Amasa to use, occupy and possess the said Homestead Farm, or other real estate, without being subject to the payment of any rent therefor.

"And upon the decease of my said son, the said trustee shall convey all said trust-property and estate to the children of said Amasa, who may be living at the time of his decease, and to the issue of any deceased child or children, in equal shares,—the issue

of any deceased child taking the share of the parent; and upon such conveyance, which said trustee shall so make as to vest in the grantees therein a full and absolute estate in fee simple, in all said property and estate, this *trust* shall be ended.

"And for the better management and improvement of the estate and property herein and hereby devised in trust, the said trustees severally shall have power, and they are hereby severally authorized and empowered, in the execution of their respective trusts, to lease the whole, or any portion of said real estate, for such period, and upon such terms, as the trustees may think proper; to make partition of any estate of which each may be seized in common with the others, or with any other person or persons, and to make and execute valid deeds of partition thereof; and with the assent, in writing, of the beneficiary of the trust, to make sale of any portion of the trust-estate and property held by each trustee, in his discretion, and upon such sale to execute good and valid conveyances of the same, to the purchaser thereof; and upon receipt of the purchase money therefor, to invest the same in other productive real estate, stocks, or securities, and to stand seized of such investments upon the same trusts, and for the same purposes, and for the same periods, and to dispose of the same at the decease of the beneficiary, in like manner as the said trustee stands seized of the property and estate devised to him by this will; and each trustee may, with the like assent in writing of his beneficiary, alter and vary the investments so made, which investments shall always be made in the name of the trustee."

It further appeared, that Dana, whilst he was the trustee under said will, and that Sisson, whilst he was trustee, had, with the assent in writing of Amasa W. Whipple, made several changes in the investment of the trust-property, both real and personal, by which the interest of the trust-estate in the Robin Hollow privilege had been increased from an undivided eighth to the whole of said privilege, a mill had been built thereon, and cotton machinery purchased for, and put into the same, for the purpose of establishing said Amasa in business, as a cotton manufacturer. It also appeared, that to furnish him with credit to carry on his

said business, the plaintiff had endorsed paper and incurred liabilities for his accommodation, taking as his indemnity therefor, mortgages of both mill and machinery, from both the trustee, Dana, and the trustee, Sisson, in which the said Amasa did not join, and of the machinery for which the suit was brought, executed by the trustee, Sisson, and the said Amasa W. Whipple.

*Payne, for the plaintiff.*

*Gerald, for the defendants.*

AMES, C. J.　We can perceive no plausible ground upon which the title of the plaintiff to this cotton machinery, under his mortgages, can be resisted.　All of them are executed by the trustee under the will, for the time being, and some of them, both by the trustee, and Amasa W. Whipple, the *cestui que trust.* The legal title to the property is certainly vested, by these deeds, in the plaintiff; and we are in no condition, in this action of replevin, to decide upon the respective equities of those entitled under the trust.　It passes our wisdom to see, how either Whipple, or the trustee under the will of Mrs. Whipple, can, in this action, resist the right of the plaintiff to the possession of personal property, the title to which, in mortgage, is vested in him under their own hands and seals.　But, if we look beneath this, this machinery cannot be claimed to be an investment of the trust-property authorized by the will of Mrs. Whipple; for it is neither *real estate, stocks,* or *securities,* the kinds of property to which the will expressly limits investments .of the trust-estate. The proceeds of the trust-property. may, in equity, at a proper time, in a proper manner, and by proper parties, be followed into it, and, for aught that we can see, the trustees be made accountable to the *cestuis* who come after Amasa W. Whipple, for a misapplication of the trust funds; but how can the trustee and Whipple, who have joined in this misapplication, set up the breach of trust in acquiring this property, against the title to it which they had given, for value, to this, for aught that we know, innocent plaintiff?　Indeed, to the extent of his beneficial interest in it, if it could be regarded as trust-property under his mother's will, the application of it by Amasa W. Whipple to the payment of his just debts is precisely the disposition of it which a court of equity would most approve, and most willingly aid to enforce. *Tillinghast* v. *Bradford and another,* 5 R. I. Rep. 205.

Waterman *v.* Merritt & Co.

Let judgment be entered, that at the date of the writ of replevin the title to the goods and chattels named therein was in the plaintiff, and for six cents damages, and costs.